E-FILED
Wednesday, 30 July, 2008 01:26:09 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | | |
|---|---|---|
| **SIMON LUNDY** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 08-CV-2124** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**OPINION**

---

On May 21, 2008, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) and exhibits in Support (#2). On June 20, 2008, the Government filed its Response (#7). On May 23, 2008, Petitioner filed a Reply to the Government's Response (#9). For the reasons that follow, Petitioner's Motion (#1) is DENIED.

BACKGROUND

On September 16, 2005, Petitioner Simon Lundy pleaded guilty to one count of conspiring to possess and distribute more than five kilograms of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846, before United States District Judge Michael M. Mihm. On January 3, 2006, Petitioner moved to terminate his attorney and to withdraw his guilty plea, claiming that he received ineffective assistance of counsel and did not plead knowingly or voluntarily. On May 12, 2006, the district court held an evidentiary hearing and denied Petitioner's request to withdraw his guilty plea. Petitioner subsequently appealed to the Seventh Circuit, arguing that the district court erred in denying his motion to withdraw his guilty plea. On May 1, 2007, the Seventh Circuit rejected Petitioner's argument and affirmed the

district court's decision to deny his request to withdraw his guilty plea. United States v. Lundy, 484 F.3d 480 (7th Cir. 2007). On October 9, 2007, the Supreme Court denied Petitioner's petition for a writ of certiorari. On December 18, 2007, Judge Mihm recused himself from Petitioner's case and the case was reassigned to this court. On May 19, 2008, Petitioner filed his pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (#1) in this court, along with Exhibits in Support of his Motion (#2).

ANALYSIS

Petitioner asserts in his Motion that he received ineffective assistance of counsel because he was not properly advised of the possible sentence to which he would be subject if he pled guilty. He thus contends that he did not sign the plea agreement knowingly and voluntarily, and that he should be allowed to withdraw his guilty plea.

A § 2255 motion to vacate, set aside or correct a sentence is "neither a recapitulation of nor a substitute for a direct appeal." Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994), quoting Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). A petitioner is barred from raising (1) issues that were raised on direct appeal, absent a showing of changed circumstances, (2) non-constitutional issues that could have been, but were not raised on direct appeal, and (3) constitutional issues that were not raised on direct appeal unless the petitioner can show cause for, and prejudice from, the procedural default, or that a fundamental miscarriage of justice would result from failing to consider the claim. Prewitt v. United States, 83, F.3d 812, 816 (7th Cir. 1996).

Although issue and claim preclusion do not apply to the initial round of collateral review of criminal convictions, federal courts use the law of the case doctrine to determine whether a previous judicial determination is binding in subsequent review proceedings. See United States

v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986). Under law of the case doctrine, an initial federal determination controls in subsequent rounds of review if, "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Peoples v. United States, 403 F.3d 844, 847 (7th Cir. 2005). The Seventh Circuit has held that ends of justice support relitigation when there has been a substantive change in the law or new evidence that could not have been discovered earlier comes to light. Peoples, 403 F.3d at 847.

A claim of ineffective assistance of counsel is a single ground for relief, in that it is the overall performance of the attorney that is evaluated, in light of all the circumstances. See Strickland v. Washington, 466 U.S. 668, 690 (1984). Thus, a defendant who makes an ineffective assistance of counsel argument on direct appeal cannot present it again on collateral review. Peoples, 403 F.3d at 847. This court agrees with the Government that Petitioner's claim of ineffective assistance of counsel is procedurally barred because Petitioner raised these same issues on direct appeal and lost. Petitioner's Motion principally centers around the argument that he did not knowingly and voluntarily sign his plea agreement, because he did not understand the nature of the charge or the severity of the punishment to which he would be exposed. This is simply a rehash of the argument Petitioner made, unsuccessfully, both at the district court level and on direct appeal.

In his Reply to the Government's Response, Petitioner asserted that he was implicitly advancing a claim of ineffective assistance of counsel with regard to his appellate lawyer, and attached a letter in which his appellate attorney explains his reasons for choosing not to advance certain issues on appeal. However, a careful reading of Petitioner's Motion reveals no mention

of his appeal or any criticism of his appellate counsel. This assertion is made only in Petitioner's Reply to the Government's Response, and is made without reference to anything other than an unsupported claim that certain issues should have been raised on appeal. Bare assertions are not sufficient to establish that counsel's performance was deficient. Galbraith v. United States, 313 F.3d 1001, 1009 (no finding of ineffective assistance of counsel where Petitioner presents no affidavit from himself or his trial counsel supporting his version of counsel's conduct). Thus, Petitioner's unsupported claim of ineffective assistance of counsel at the appellate stage fails.

Because Petitioner has not alleged any changed circumstances that would merit revisiting an issue already decided on direct appeal, he cannot re-litigate his claim of ineffective assistance of counsel. The Seventh Circuit Court of Appeals determined that Petitioner's guilty plea was made knowingly and voluntarily and he is thus procedurally barred from challenging that determination again in a § 2255 motion.

## CONCLUSION

For all the reasons stated, this court concludes that Petitioner is not entitled to relief.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) Petitioner's Motion to Produce (#8) is denied as MOOT.

(3) This case is terminated.

ENTERED this 30th day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE